UNITED STATES of America, Plaintiff——Appellee,

v.

Jamaa Ato WASHINGTON, a/k/a Jamaa Washington, a/k/a Jamal Ato Washington, a/k/a Jonathan White, a/k/a Timothy White, a/k/a Jamaal Washington, a/k/a Jamar Washington, Defendant—Appellant.

No. 10–4166.

United States Court of Appeals, Fourth Circuit.

Submitted: Sept. 30, 2010.

Decided: Oct. 8, 2010.

Guy J. Vitetta, Daniel Island, South Carolina, for Appellant. Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamaa Ato Washington pled guilty to possession of a firearm after having been convicted of a felony offense. The district court sentenced him to 120 months imprisonment-the statutory maximum sentence. Washington's attorney filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), certifying that there are no meritorious issues for appeal, but questioning whether Washington's guilty plea was knowingly and voluntarily entered. Finding no reversible error, we affirm.

In the absence of a motion to withdraw a guilty plea, this court reviews the adequacy of the guilty plea pursuant to Fed. R.Crim.P. 11 for plain error. *See United States v. Martinez,* 277 F.3d 517, 525 (4th Cir.2002). Our review of the transcript of the plea hearing leads us to conclude that the district court fully complied with Rule 11 in accepting Washington's guilty plea. The court ensured that Washington understood the charge against him and the potential sentence he faced, that he entered his plea knowingly and voluntarily, and that the plea was supported by an independent factual basis. *See United States v. DeFusco,* 949 F.2d 114, 116, 119–20 (4th Cir.1991). Accordingly, we affirm Washington's conviction.

We have also reviewed Washington's sentence and determined that it was properly calculated and that the sentence imposed was reasonable. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *see United States v. Llamas,* 599 F.3d 381, 387 (4th Cir.2010). The district court followed the necessary procedural steps in sentencing Washington, appropriately treated the sentencing guidelines as advisory, properly calculated and considered the applicable guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors. We conclude that the district court did not abuse its discretion in imposing the chosen sentence. *See Gall,* 552 U.S. at 41, 128 S.Ct. 586; *United States v. Allen,* 491 F.3d 178, 193 (4th Cir.2007) (applying appellate presumption of reasonableness to within guidelines sentence).

We have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Washington, in writing, of the right to petition the Supreme Court of the United States for further review. If Washington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Washington. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*